# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-14-LRR |
| vs. | **ORDER** |
| BROOK ALLEN WALTON, | |
| Defendant. | |

The matter before the court is Defendant Brook Allen Walton's Motion for Recusal of Judge ("Motion") (docket no. 15).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In case no. 01-CR-56, Defendant appeared before the undersigned in a prior criminal proceeding. On November 20, 2002, the undersigned was assigned to such case after the parties reached a plea agreement. On March 4, 2003, the undersigned sentenced Defendant to 46 months of imprisonment followed by three years of supervised release. (case no. 01-CR-56-LRR, docket no. 77). On January 5, 2004, the undersigned entered an amended judgment, reducing Defendant's sentence to 41 months of imprisonment and three years of supervised release. (case no. 01-CR-56-LRR, docket no. 89). On September 16, 2005, after an evidentiary hearing ("Hearing"), the undersigned concluded that Defendant violated the conditions of his supervised release and sentenced him to an additional 24 months of imprisonment ("Revocation") (case no. 01-CR-56-LRR, docket no. 99). Defendant did not appeal the Revocation.

On March 7, 2007, Defendant was charged in a two-count Indictment. Count 1 charges Defendant with possession of a controlled substance with intent to distribute within 1000 feet of a protected location after a conviction of a prior felony drug offense, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 and 860. (docket no. 2). Count 2 charges Defendant with simple possession of a controlled substance after a conviction of a prior felony drug offense, in violation of 21 U.S.C. § 844 and 851. (docket no. 2). The acts, which formed the basis of the Revocation, are the same acts that underlie the charges in the Indictment.

On May 29, 2007, Defendant filed the Motion. On May 31, 2007, the government filed its resistance to the Motion ("Resistance") (docket no. 17).

## *II. ANALYSIS*

Defendant relies upon 28 U.S.C. § 455(a) in support of his demand that the undersigned judge recuse herself. Title 28, United States Code, Section 455, in pertinent part, provides that "[a]ny . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute was intended "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988). "By enacting [S]ection 455(a), Congress sought to eradicate not only actual, but also the *appearance* of impropriety in the federal judiciary." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc) (emphasis added). It is irrelevant, then, whether the judge is actually biased; Section 455(a) "sets an objective standard that does not require scienter." *Id.* (citing *Liljeberg*, 486 U.S. at 859-60); *see also United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (noting that 455(a) sets an objective standard, and citing *United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981)).

To determine whether there exists an appearance of bias for purposes of Section 455(a), "[a] judge is to take into consideration all circumstances both public and private and determine if a reasonable, uninvolved observer would question the judge's impartiality." *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1399 (8th Cir. 1983) (citing *Idaho v. Freeman*, 507 F. Supp. 706, 722-23 (D. Idaho 1981)).

The United States Supreme Court has explained that "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Liteky v. United States*, 510 U.S. 540, 551 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course . . . of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 554; *see also United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (quoting *Liteky* and determining that prior proceedings do not cast doubt upon impartiality for Section 455(a) purposes, absent a display of "deep-seated favoritism or antagonism"); *United States v. Darden*, 70 F.3d 1507, 1536 (8th Cir. 1995) (same); *In re Larson*, 43 F.3d 410, 413 (8th Cir. 1994) (same).

A prior adverse ruling against a defendant does not meet this standard. *See Terra Intern., Inc. v. Robinson*, 113 Fed. Appx. 723, 725 (8th Cir. 2004) (holding that mere fact that judge had previously sent movant to jail for contempt of court was insufficient to support Section 455(a) recusal); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 611-12 (8th Cir. 1998) (holding that assertions that court had previously ruled against party, without more, were insufficient grounds to reasonably question impartiality); *United States v. Johnson*, 47 F.3d 272, 276 (8th Cir. 1995) (holding that "magistrate court's denial of bond based on its finding that [defendant] had been engaged in substantial drug trafficking" was not grounds for impartiality charge for Section 455(a) purposes); *see also United States v. Wolfson*, 558 F.2d 59, 64 (2d Cir. 1977) (holding that mere fact that defendant had been convicted twice in two previous trials before judge was insufficient grounds for Section 455(a) recusal); .

The recusal decision is committed to the sound discretion of the district court. *Moran*, 296 F.3d at 648; *Larson v. United States*, 835 F.2d 169, 172 (8th Cir. 1987); *see also Denton*, 434 F.3d at 1111 (holding district court's decision regarding impartiality

subject to "abuse of discretion" standard).

Defendant urges recusal because, "on the basis of the vague and incomplete testimony at the [Hearing], the [c]ourt has already determined that [Defendant] is guilty of the charges in [the] Indictment. This certainly creates the appearance of partiality." (docket no. 15-2, at 6).

Whatever partiality the Motion describes results from a misstatement of the record. The undersigned did not find Defendant "guilty" of the crimes charged in the Indictment based on the evidence presented at the Hearing. Rather, the undersigned found by a preponderance of the evidence that Defendant engaged in some conduct, which also happens to be the same conduct alleged in the Indictment, for purposes of revoking Defendant's supervised release. Moreover, regardless of the findings that the undersigned may have made in the Revocation, such findings are irrelevant for the present case, in which a jury ultimately will be the trier of fact. The jury will make its own findings pursuant to a "beyond a reasonable doubt" standard.

As for the role of the undersigned at such trial, "a judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." *Ouachita Nat. Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir. 1982) (citing *State v. Freeman*, 478 F.Supp. 33, 35 (D. Idaho 1979)); *see also Martinez*, 446 F.3d at 883 (holding that movant bears "substantial burden" of overcoming presumption of impartiality of judge); *Denton*, 434 F.3d at 1111 (same).

Guided by *Liteky* and its Eighth Circuit progeny, the court finds that the Revocation alone does note require recusal under Section 455(a). *Johnson* and *Lefkowitz* make plain that the Revocation alone, as an adverse ruling in a prior proceeding, is insufficient to call the impartiality of the court into question. It certainly does not evidence "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

4

The record and circumstances surrounding Defendant's case do not suggest an appearance of partiality. The court finds that a "reasonable, uninvolved observer" evaluating all of the circumstances would not question the undersigned's impartiality, and, therefore, an appearance of bias does not exist. Accordingly, recusal is not required. *See* 28 U.S.C. § 455(a).

### *III. CONCLUSION*

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Brook Allen Walton's Motion to Recuse (docket no. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** 5th this day of June, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA