# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-14-LRR |
| vs. | **ORDER** |
| BROOK ALLEN WALTON, | |
| Defendant. | |

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*
II. PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*
III. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
IV. THE MERITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    A. *Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    B. *Franks v. Delaware* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    C. *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        1. *Objections 1-7* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        2. *Objections 8-10, 12* . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        3. *Objection 11* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
        4. *Objection 13* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

## I. INTRODUCTION

The matter before the court is Defendant Brook Allen Walton's Objections ("Objections") (docket no. 52), and his pro se Objections ("Pro Se Objections") (docket no. 54), to the Report and Recommendation (docket no. 49), which recommends denying Defendant's "Motion to Suppress (Evidentiary Hearing Requested)" ("Motion") (docket no. 16).

## II. PROCEDURAL HISTORY

On March 7, 2007, the grand jury returned a two-count Indictment against

Defendant. Count 1 charges that, on or about July 1, 2005, Defendant possessed with intent to distribute cocaine within 1,000 feet of the real property comprising Wright Elementary School in Cedar Rapids, Iowa, after having been convicted previously of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 and 860. Count 2 charges that, on September 10, 2005, Defendant possessed cocaine, after having been convicted previously of a felony drug offense, in violation of 21 U.S.C. §§ 844 and 851.

On May 30, 2007, Defendant filed the Motion. On June 11, 2007, the government filed a resistance ("Resistance") to the Motion. On June 22 and 28, 2007, United States Magistrate Judge Jon S. Scoles ("Magistrate Judge Scoles") conducted a hearing ("Hearing") on the Motion.[1] On July 6, 2007, Defendant filed a Supplemental Brief in support of the Motion. The same day, the government filed a Supplemental Memorandum in support of its Resistance.

On July 9, 2007, Magistrate Judge Scoles issued a Report and Recommendation, in which he recommended that the Motion be denied. Magistrate Judge Scoles concluded that Defendant failed to satisfy the two-prong test required to suppress evidence under *Franks v. Delaware*, 438 U.S. 154 (1978). Magistrate Judge Scoles concluded that the affiant, Sergeant Harvey Hall ("Sgt. Hall") of the Linn County Sheriff's Office did not intentionally make any misstatement in the warrant application necessary to a determination of probable cause or omit any facts that would have necessarily undermined such a determination.

On July 24, 2007, Defendant filed the Objections. On July 30, Defendant, pro se, filed the Pro Se Objections. Defendant is represented by counsel, and the court shall only countenance such counsel's filings. *United States v. Stanko*, No. 06-3157, 2007 WL

---

[1] On June 18, 2007, Magistrate Judge Scoles held a hearing on other matters and continued the substantive hearing on the Motion until June 22, 2007.

1757723, *11 n.2 (8th Cir. June 20, 2007) (declining to address pro se filings when party represented by counsel); *United States v. Peck*, 161 F.3d 1171, 1174 n.2 (8th Cir. 1998) (same); *United States v. Martin*, 59 F.3d 767, 768 n.2 (8th Cir. 1995) (same). In any case, Defendant's pro se objections were untimely filed. *See* 28 U.S.C. § 636(b)(1) (stating that objections to magistrate report and recommendation must be filed within ten days of entry); Fed. R. Crim. P. 59(b)(3) (same). The court finds the matter fully submitted and ready for review.

### III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that *de novo* review is "required"); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

Federal Rule of Criminal Procedure 59 similarly explains that "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . . The magistrate judge must promptly conduct the required proceedings." Fed. R. Crim. P. 59(b)(1). Thereafter, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "The district judge must consider *de novo* any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

Because Defendant has made timely and specific objections in this case, the following *de novo* review is required. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

### IV. THE MERITS

#### A. Findings of Fact

After a *de novo* review of the record, the court adopts Magistrate Judge Scoles's

3

findings of fact in the Report and Recommendation.

## B. Franks v. Delaware

The Fourth Amendment of the United States Constitution states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV. "Determinations of probable cause must be premised on the totality of the circumstances." *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). "'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

"An issuing judge's probable cause determination is entitled to substantial deference." *United States v. Durham*, 470 F.3d 727, 733 (8th Cir. 2006) (citing *United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996)). "[T]he duty of a reviewing court is simply to ensure the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 362 U.S. at 238-39 (citations, internal quotation marks and alterations omitted).

Under *Franks*, Defendant may challenge the truthfulness of statements made in an affidavit supporting a search warrant as a means for invalidating the warrant and excluding the evidence collected pursuant to the warrant. 438 U.S. at 154. In order to prove a *Franks* violation with respect to false statements, Defendant has the burden to make a preliminary substantial showing that (1) a sworn affidavit to a search warrant includes a statement either knowingly or intentionally made, or made with reckless disregard for the truth, and (2) the allegedly false statement is necessary for a finding of probable cause. *Id.* at 155-56. Furthermore, with respect to material omissions, the Eighth Circuit Court of Appeals has provided:

> To prevail on a *Franks* claim based on an omission of fact, the
> defendant must prove (1) that facts were omitted with the

4

> intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading, and (2) that the affidavit, if supplemented with the omitted information, would not have been sufficient to support a finding of probable cause.

*United States v. Tucker*, 188 F.App'x 543, 546 (8th Cir. 2006) (citing *United States v. Allen*, 297 F.3d 790, 795 (8th Cir. 2002) and *United States v. Reivich*, 793 F.2d 957, 960-61 (8th Cir. 1986)).

A presumption of validity exists with respect to search warrant affidavits. *Franks*, 438 U.S. at 171. "[S]ubstantial deference" should be given to the issuing judge's determination of probable cause, and the "totality of the circumstances" is considered in determining whether probable cause existed when the officer sought the search warrant from the issuing judge. *United States v. Amburn*, 412 F.3d 909, 917 (8th Cir. 2005).

To be entitled to an evidentiary hearing,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Franks*, 438 U.S. at 171. "When no proof is offered that an affiant deliberately lied or recklessly disregarded the truth, a *Franks* hearing is not required." *United States v. Rodriguez*, 414 F.3d 837, 842 (8th Cir. 2005) (citing *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997)). "This showing of deliberate or reckless falsehood is 'not lightly met.'" *United States v. Lucca*, 377 F.3d 927, 931 (8th Cir. 2004) (citing *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987)); *see also United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) ("The type of showing required is not easily met."). Indeed,

5

"[a]llegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171; *see also Williams*, 477 F.3d at 557 (quoting *Franks*).

Should Defendant prevail in making a preliminary showing, then the Fourth Amendment requires an evidentiary hearing. *Franks*, 438 U.S. at 155-56. If, at such a hearing, Defendant proves by a preponderance of the evidence that the statements were made deliberately or with reckless disregard for the truth, the court then looks to the remaining facts in the affidavit to determine if they support a finding of probable cause. *Id*. The *Franks* Court explained:

> [I]n the event that at that hearing, the allegation of perjury or reckless disregard is established by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause [were] lacking on the face of the affidavit.

*Id*. at 156.

### C. Analysis

Defendant's objections are as numerous and varied as they are unavailing. The Objections include twelve specific disputes with the Report and Recommendation, as well as a paragraph that incorporates statements and arguments from his Motion and Supplemental Brief. Objections 1-7 attack the credibility of the witnesses at the Hearing. Objections 8-10 and 12 charge Sgt. Hall with omitting facts material to the warrant application. Objection 11 is a procedural challenge. The court addresses each of these challenges in turn.

#### 1. *Objections 1-7*

Defendant's credibility objections are as follows. (1) Defendant objects to the factual finding of the Report and Recommendation that Iowa State Patrol Trooper Michael McVey ("Trooper McVey") had never spoken to informant Desiree Walker ("Ms.

6

Walker") prior to June 20, 2005. (Report and Recommendation, at 3). (2) Defendant objects to the factual finding that when Trooper McVey interviewed Ms. Walker, she did not "disclose that Defendant had previously assaulted her." (*Id.*, at 3). (3) Defendant argues that the factual findings regarding Sgt. Hall's testimony about informant Heather Faeth ("Ms. Faeth") lack crucial facts. (*Id.*, at 5). (4) Defendant objects to the factual findings in the Report and Recommendation of Sgt. Hall's testimony that he believed Ms. Faeth's information had been accurate and reliable in the past. (*Id.*, at 5). (5) Defendant objects to the factual findings in the Report and Recommendation regarding Sgt. Hall's testimony about a search of Leonard Landt's apartment at the Roosevelt Hotel (*Id.*, at 5);[2] Defendant argues that the court erred in believing Sgt. Hall's explanation of the somewhat meager fruits of the Landt search warrant, which was obtained upon information provided by Ms. Faeth. (6) Defendant objects to the factual findings in the Report and Recommendation regarding Sgt. Hall's explanation for the fact that two of the four individuals who were arrested based on a prior warrant obtained by information from Ms. Faeth were never prosecuted. (*Id.*, at 5). (7) Defendant objects to the factual findings in the Report and Recommendation that Sgt. Hall sought dismissal of Ms. Faeth's state court charges for assistance she provided to law enforcement agencies prior to her cooperation in Defendant's investigation. (*Id.*, at 5-6).

Objections 1-7 are unavailing attacks on credibility. The court is entitled to make judgments upon credibility in the *Franks* context, *see, e.g., United States v. Coleman*, 142 F.App'x 943, 945 (8th Cir. 2005) (holding that officer-affiant's own credible testimony sufficed to explain his conduct), and a defendant's speculation does not constitute proof for *Franks* purposes, *United States v. Leisure*, 844 F.2d 1347, 1358 (8th Cir. 1988) (holding that mere speculation does not suffice as proof in *Franks* context). Thus, the court holds

---

[2] Although Sgt. Hall referred to the "Roosevelt Motel" once at the Hearing, it is plain from the questioning that he meant the Roosevelt Hotel in Cedar Rapids, Iowa.

7

that Defendant's attacks on the credibility of the informants and law enforcement officers are speculative and provide no basis for a finding of false statements, *Franks*, 438 U.S. at 155, or misleading omissions, *Tucker*, 188 F.App'x at 546, under the first-prong of the *Franks* test. The court adopts the credibility findings of Magistrate Judge Scoles in the Report and Recommendation. Furthermore, were the court to countenance Defendant's speculation as to the credibility of Ms. Walker and Ms. Faeth, the attacks would be of little impact here because corroborated information allays credibility concerns for probable cause purposes under the *Franks* test's second-prong. "[W]hile [Defendant] may believe that the informants lacked credibility, where the informants' information is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause." *Humphreys*, 982 F.2d at 259 (citing *United States v. Flagg,* 919 F.2d 499, 501 (8th Cir. 1990) and *United States v. Parker,* 836 F.2d 1080, 1083 (8th Cir. 1987)); *see also United States v. Gibson*, 123 F.3d 1121, 1124 (8th Cir. 1997) (quoting *Humphrey*s). Here, Ms. Walker and Ms. Faeth did not merely "partially corroborate" each other's information, *Humphreys*, 982 F.2d at 259, but provided nearly identical information regarding Defendant's possession of drugs, cash and jewelry. Therefore, Objections 1-7 are denied, and the court adopts the findings and analysis in the Report and Recommendation.

### 2. *Objections 8-10, 12*

This set of objections charges false statements and omissions in the warrant application. *See Franks*, 438 U.S. at 155-56. The objections are as follows. (8) Defendant objects to the legal conclusions in the Report and Recommendation that Sgt. Hall's sworn statement in the warrant application that Ms. Faeth had cooperated on four prior occasions rather than six was an omission the inclusion of which would have necessarily precluded a finding of probable cause. (Report and Recommendation, at 10). (9) Defendant objects to the legal conclusion in the Report and Recommendation that the

8

omission of the fact that Ms. Faeth refused to participate in a controlled buy with Defendant was an omission the inclusion of which would have precluded a finding of probable cause. (*Id.*, at 11). 10) Defendant objects to the finding that Sgt. Hall's omission of information regarding Ms. Walker in the warrant application was not fatal to the search warrant's validity (*Id.*, at 11); Defendant alleges that Sgt. Hall intentionally withheld information about Defendant's alleged assault of Ms. Walker from the issuing magistrate. 12) Defendant objects to the legal conclusion in the Report and Recommendation that, if the warrant application were corrected as he proposes, probable cause would still have existed.

Objections 8-10 must fail. Each of Objections 8 and 9 can be described as an "innocent mistake," *Franks*, 438 U.S. at 171; *see also Williams*, 477 F.3d at 557; *Davis*, 471 F.3d at 946; *Puckett*, 466 F.3d at 627, and thus not inaccurate for purposes of the first prong of the *Franks* test. Indeed, "[a] law enforcement official is not required to include everything he knows about a subject in his affidavit, whether it is material to a finding of probable cause or not." *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 649 (8th Cir. 2001). As to Objection 8, Sgt. Hall explained that Ms. Faeth had only cooperated with him personally on four prior occasions and was not aware of her other two prior instances of cooperation; no evidence was presented to challenge this explanation. *Coleman*, 142 F.App'x at 945. As to Objection 9, the court declines Defendant's invitation to impute to Sgt. Hall, based purely on speculation, *Leisure*, 844 F.2d at 1358, and against the weight of the evidence, any intent to mislead from his omission of the tertiary fact that Ms. Faeth declined to participate in a controlled buy with Defendant. There must be a showing that the law enforcement officer "omitted the information with an intent to mislead." *United States v. Coleman*, 349 F.3d 1077, 1084 (8th Cir. 2003). In short, the court concludes that the failure to include such facts cannot be characterized as "omi[ssions] with the intent to make" the warrant application misleading. *Tucker*, 188

9

F.App'x at 546.

Objection 10 also fails because there is no evidence to support the speculation that, despite his testimony to the contrary, Sgt. Hall was aware at the time of the warrant application of any allegation by Ms. Walker that Defendant had assaulted her. Speculation is not proof, *Leisure*, 844 F.2d at 1358, and the testimony of both law enforcement officers was credible, *Coleman*, 142 F.App'x at 945. Therefore, the omission of a fact of which Sgt. Hall was not aware cannot qualify as intentional, let alone intentionally misleading. *Tucker*, 188 F.App'x at 546.

Objection 12 fails for the reasons described in the Report and Recommendation, which the court hereby adopts. (Report and Recommendation, at 13). In sum, the issuing magistrate could conclude, in spite of the inclusions urged by Defendant, that the information provided by Ms. Faeth and Ms. Walker was credible and that probable cause existed to support the issuance of a warrant.

### 3. Objection 11

Defendant suggests that he was not given a sufficient amount of court time at the Hearing to develop the record and to probe inconsistencies among Sgt. Hall's and Trooper McVey's statements. The suggestion strikes the court as particularly disingenuous, given that Defendant was allowed over two hours of court time to develop the record among only three witnesses. (*See* Transcript of Motion to Suppress Hearing ("Transcript"), docket no. 58, at 32-33, 80). Furthermore, any time constraints were a result of counsel's failure to focus his questioning of witnesses, as well as his summary argument, on the two-prong *Franks* test. Indeed, Magistrate Judge Scoles made every effort to guide counsel toward specific statements or omissions in the warrant application that were necessary to a finding of probable cause. (Transcript, at 32-33, 43, 60, 73, and 77). Defendant's counsel even had the opportunity to call additional witnesses and offer additional evidence, but he specifically declined it when offered by Magistrate Judge Scoles. (Transcript, at 76).

In any case, Defendant was not entitled to a *Franks* hearing. Because "no proof is

10

offered that" Sgt. Hall "deliberately lied or recklessly disregarded the truth, a *Franks* hearing [was] not required." *Rodriguez*, 414 F.3d at 842; *see also Moore*, 129 F.3d at 992. A "mere desire to cross-examine" does not form the basis for holding such a hearing under *Franks*. 438 U.S. at 171. Defendant produced no evidence nor called any affirmative witnesses of its own; his only witnesses were Trooper McVey and Greg Brugman, a special agent in charge with the Iowa Division of Narcotics Enforcement, whose questioning amounted to the very cross-examination insufficient to justify a *Franks* hearing. Defendant may not "rel[y] entirely on his own accusations that [Sgt. Hall] acted deliberately" to meet the standard for entitlement to a *Franks* hearing. *United States v. Carpenter*, 422 F.3d 738, 745 (8th Cir. 2005). For these reasons, the objection shall be overruled. Defendant is not entitled to more court time.

### 4. Objection 13

Defendant incorporates the statements and arguments made in his Motion and Supplemental Brief. Upon *de novo* review, the court rejects any and all objections based on these submissions and adopts the analysis provided in the Report and Recommendation.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1) Defendant's Objections to Report and Recommendation (docket no. 52) and Pro Se Objections to Report and Recommendation (docket no. 54) are **OVERRULED**;

(2) Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 49) is **ADOPTED**;

(3) Defendant's Motion to Suppress (docket no. 16) is **DENIED**; and

(4) The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial

motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 8th day of August, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA